

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-27-2009

# USA v. Antoine Tucker

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2400

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Antoine Tucker" (2009). *2009 Decisions.* Paper 940.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/940

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-2400

UNITED STATES OF AMERICA,
                                          Appellant

v.

ANTOINE TUCKER,
a/k/a LAKEEN TUCKER
a/k/a "FACE"

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 02-cr-00249-001)
District Judge: Honorable Thomas I. Vanaskie

Submitted Under Third Circuit LAR 34.1(a)
July 13, 2009

Before:  RENDELL, FUENTES and ROTH, <u>Circuit</u> <u>Judges</u>.

(Filed: July 27, 2009 )

OPINION OF THE COURT

RENDELL, *Circuit Judge*.

       This appeal raises a single issue: whether a district court may reduce a defendant's

sentence under 18 U.S.C. § 3582(c)(2), the statutory provision allowing a court to reduce

a sentence which is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," when that sentence is imposed pursuant to a binding plea agreement. Concluding that enforcement of the stipulated sentence was not required, the District Court reduced defendant Antoine Tucker's sentence; the government appealed.[1] We conclusively resolved the issue in *United States v. Sanchez*, holding, "If 'binding' is to have meaning, it cannot be undone by the discretionary possibility of a different sentence under § 3582(c)." 562 F.3d 275, 282 (3d Cir. 2009).

Here, Tucker stipulated to the sentence imposed in a binding plea agreement under Fed. R. Crim. P. 11(c)(1)(c), the validity of which is undisputed. Accordingly, we will REVERSE the order of the District Court and REMAND the case.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 18 U.S.C. § 1291.

2